## (November 17, 1948.)

In the Matter of the Claim of ANNA WESTBROOK, Respondent, against SOUTH-SIDE SPORTSMEN'S CLUB OF LONG ISLAND et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— Award for death benefits. The employee was working in a refrigerated section of the employer's plant. His work on the day in question continued longer than usual and when he emerged he was coughing. The evidence sustains the finding that the heart attack from which he died was the result of the work he was doing and the coughing was the result of his exposure to the extreme cold. Award affirmed, with costs to the Workmen's Compensation Board. Hill, P. J., Heffernan and Russell, JJ., concur; Foster, J., I concur for affirmance on the theory that according to the present trend of compensation decisions an award of compensation is proper in any case where a workman suffers a heart attack while engaged in the course of his employment; Deyo, J., dissents on the ground there is no evidence to establish that the death was caused by an accident within the meaning of the Workmen's Compensation Law.

In the Matter of the Claim of JULIUS RUBY, Respondent, against JOSEPH LUSTIG et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— Award of compensation to an employee who, following extreme exertion and extension of his arms in painting, suffered a cardiac attack. The evidence sustains the finding. Award affirmed, with costs to the Workmen's Compensation Board. Hill, P. J., Heffernan, Foster and Russell, JJ., concur; Deyo, J., dissents, on the ground that the evidence does not support the conclusion and the findings of fact that the claimant was engaged in any unusual work and exertion and there is no evidence to support a finding of accidental injuries arising out of and within the intent and meaning of the Workmen's Compensation Law.

In the Matter of the Claim of ALFRED FURTARDO, Respondent, against AMERICAN EXPORT AIRLINES, INC., et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— This is an appeal by an employer and its insurance carrier from an award of workmen's compensation in favor of claimant. The employer was engaged in the air transportation business and maintained airplane hangars at LaGuardia Field, New York. Claimant was employed by it. The board found that while claimant was engaged in the regular course of his employment and while working for his employer he was assigned to do unusual work. He worked seven days a week from twelve to fourteen hours per day. Due to his work he suffered a coronary attack on June 10, 1944, and was totally disabled from that date until September 18th of the same year. The board also found that claimant sustained accidental injuries arising out of and in the course of his employment due to long and arduous hours of work. The evidence sustains the finding of the board. Award unanimously affirmed, with costs to the Workmen's Compensation Board. Present — Hill, P. J., Heffernan, Foster, Russell and Deyo, JJ.