Appeal from a Workmen’s Compensation Board’s decision dated April 6, 1949, modifying its prior decision by upholding a scheduled award in claimant’s favor for the total loss of the sight of her right eye occasioned by retinal detachment, which based the award upon the result of accidental injury arising out of and in the course of employment, instead of an occupational disease as theretofore found. There is evidence that the physical efforts incident to the usual course of claimant’s employment was a predisposing cause of the detachment of the retina of claimant’s long-standing myopic right eye, which occurred as she alighted from a bus on her way home at the end of her day’s work. She was and for many years had been a saleswoman in the book department of her employer’s department store. The board was correct in rescinding or receding from their prior decision which based the award upon the ground of an occupational disease, but evidence does not support the modified decision and findings which base it upon an accident or accidents arising out of or in the course of her employment. Claimant’s proof is negative as to any accidental occurrence causally concerned with the affliction which came upon her. The most the evidence shows is that usual and customary physical efforts in the regular routine of duty performance was a predisposing cause of the retina’s detachment. The fact that from 1942 to the time of her affliction in 1945, her physical efforts in employment became greater and more onerous due to lessened *802 assistance from other employees, and that her work on Monday usually called for more effort than on other days may not, as a matter of law, be considered as the occurrence of an accident within the intent and reach of the statute. (Matter of Lerner v. Bump Bros., 241 N. Y. 153, 156.) Decision and award reversed, on the law, and claim dismissed, without cost. Brewster, Bérgan and Coon, JJ., concur; Foster, P. J., dissents, in the following memorandum, in which Heffeman, J., concurs: I can’t distinguish this case from the so-called heart cases (Matter of Anderson v. New York State Dept, of Labor, 275 App. Div. 1010; Matter of Furtardo v. American Export Airlines, 274 App. Div. 954; Matter of Masse V. Robinson Co., 301 N. Y. 34). Claimant was compelled to do heavier work for some time. There is medical testimony to the effect that this finally caused a detachment of the retina. If the other eases cited were correctly decided as involving injuries of an accidental nature I think this falls in the same groove. Henee I dissent and vote to affirm the award.