In the Matter of the Claim of CHARLES PADEN, Respondent, *v.* DIX HILLS FIRE DISTRICT et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.

Third Department, January 25, 1961.

George J. Hayes, Charles G. Tierney and Morris N. Lissauer for appellants.

Louis J. Lefkowitz, Attorney-General (Gilbert M. Landy and Roy Wiedersum of counsel), for Workmen's Compensation Board, respondent.

Pallmeyer & Fischer (Otho S. Bowling and Robert F. Bowling of counsel), for claimant-respondent.

BERGAN, P. J. Claimant, a volunteer fireman, was injured while putting up Christmas decorations in the firehouse of the appellant Dix Hills Fire District.

There is evidence both that it was the custom of the district to decorate the firehouse inside and outside at the Christmas season; and that claimant was working at the direction of the fire chief. The secretary of the appellant district testified that it has " been a practice in the past ten years since the existence of our fire department to decorate the firehouse for this season ".

Although the testimony with reference to the directions given to claimant to do the work is open to differing construction, it could be found that claimant was directed to do it. Claimant testified that the chief ordered him (i.e. gave " verbal orders ") to do this work — " he just asked so many of us to come down and prepare the house for the holiday season." The chief as a witness fully corroborated this testimony.

There is discussion in the record whether claimant was a " volunteer " in this work or merely willing to follow orders, but it is a fair inference that, although membership in the organization and all its activities are " voluntary " there was a command or direction from the appropriate authority for doing this work which claimant felt he should obey. At the very minimum there was authorization to do this work.

The problem is whether the decoration was work " pursuant to orders or authorization " in the " maintenance of the firehouse " (Volunteer Firemen's Benefit Law, § 5, subd. 1, par. g) and thus included within coverage; or whether it was " participation in any recreational [or] social * * * activity "

in which event it would be expressly excluded from coverage (§ 5, subd. 2, par. b).

If within the sweep of regular custom, the firehouse was decorated for a public holiday the activity under "orders or authorization" of a superior could reasonably fall within "maintenance" which is a word open to more than one reading in this context.

It would include, probably, the placing of flags or bunting on a public building over a patriotic holiday; or at least the fact-finder could hold that way. The erection of decorative material for the public Christmas holiday, or for a patriotic holiday might also be "participation in" a social activity; but would not necessarily be so. To state the problem this way is to say that the board must be affirmed in its evaluation of the effect of work activity in a debatable area of statutory coverage.

The award should be affirmed, with costs to the Workmen's Compensation Board.

Coon, Gibson, Herlihy and Reynolds, JJ., concur.

Award affirmed, with costs to the Workmen's Compensation Board.