■ In the Matter of the Claim of GRACE SLOPER, Appellant, v. VILLAGE OF WESTPORT et al., Respondents. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal by claimant from a decision of the Workmen's Compensation Board disallowing benefits under the Volunteer Firemen's Benefit Law. Decedent was a member of the Westport Volunteer Fire Department which was invited to participate in a parade at Essex, New York, on July 4, 1957. The Westport Fire Chief testified that members "would go on a strictly voluntary basis". Decedent volunteered to attend, and drove his own car to Essex. He participated in the parade which ended about 3:30 P.M. He did not participate in any other drills, contests or fireman events, but remained in Essex for social activities, including a dinner beginning at 5:30 P.M. Thereafter he visited his brother-in-law in Essex for about two hours. Later he was seen in a diner between Essex and Westport at about 7:30 P.M. Shortly after 8:00 P.M. his car left the road, which was the direct route from Essex to Westport, and he sustained injuries resulting in his death. Section 5 (subd. 1, par. e) of the Volunteer Firemen's Benefit Law provides for coverage of volunteer firemen while a fireman is "attending or participating in any * * * parade * * * in which his fire department * * * is engaged, including necessary travel directly connected therewith". The board has found that decedent's death "was not due to firemanic duties" and that after the parade "decedent remained in Essex for social activities and a social supper which began at about 5:30 P.M.". It is at least a question of fact as to whether decedent was engaged in travel "directly" connected with the parade. We may not say as a matter of law that the board could not find the way it did. Decision unanimously affirmed, without costs.