In the Matter of the Claim of FRANK V. MURPHY, Respondent, v. HOWARD & SCHAFFER, INC., et al., Appellants and INDEMNITY INSURANCE COMPANY OF AMERICA, Respondent. WORKMEN'S COMPENSATION BOARD, Respondent.— The board found, upon substantial evidence, that disability was due to a fresh myocardial infarction caused by excessive exertion and strain during the five-day period preceding the first onset of pain. Claimant was a salesman of wallpaper and decorative fabrics but during the period in question assisted in the removal of the employer's business to a new location, working overtime several nights and on Saturday, lifting and handling fixtures and merchandise, some few cartons of which weighed 30 pounds each; assisting in the moving and setting up of display screens, there being " hundreds " of them in the store, and arranging merchandise upon them, the screens being about seven feet long and weighing six or seven pounds each, as claimant testified (saying at the time that he was " just guessing ", although he later stated, without objection, at the hearing before the board panel, that he had since ascertained that they weighed 15 pounds each and that he lifted as many as four at a time) and that moving and handling the screens and fitting them into

the holes in their supporting poles was awkward and heavy work because of their ungainly size; and all the work of removal and rearrangement being done in " a rush ", so as to interrupt business as little as possible; and claimant at the same time continuing his usual work of selling and waiting on customers. It may be noted that in reporting how the accident was sustained, the employer stated: " Assured had just been in process of moving and claimant had been moving and lifting. Suddenly felt ill." It may also be remarked that appellants' medical expert considered that claimant's work did " constitute some unusual effort" but seemed to question the time lapse, although he could not " really say " whether the pain experienced by claimant while at work " was the result of the pathology * * * going on in his chest " as he had not questioned claimant " very specifically " about the pain. We find claimant's medical evidence of causation, read as a whole, both clear and substantial and the board was entirely warranted in disregarding whatever contradictions appellants were, on cross-examination, able to elicit upon the basis of the facts they chose to assume. Countering appellants' theory, claimant's doctor said that in some cases an infarct might " show up " in a day and in others in a week or 10 days. This same conflict of medical opinion has occurred in other cases and we have recognized that the " time sequence * * * is not in itself determinative ". (*Matter of Bleich* v. *63rd Bldg. Corp.*, 15 A D 2d 584, 585, motion for leave to appeal denied 11 N Y 2d 643.) That a heart injury due to unusual effort over a period of some days or more may be found accidental can no longer be questioned. (See *Matter of Masse* v. *Robinson Co.*, 301 N. Y. 34; *Matter of Furtardo* v. *American Export Airlines*, 274 App. Div. 954, motion for leave to appeal denied 298 N. Y. 933.) The facts in this case are in some respects comparable to those upon which we sustained an award in *Matter of Nissels* v. *Carson's Dept. Store* (3 A D 2d 774). Decision and award unanimously affirmed, with costs to the Workmen's Compensation Board. Present — Bergan, P. J., Coon, Gibson, Herlihy and Reynolds, JJ.