█    In the Matter of the Claim of ALICE CRONBERG, Respondent, v. LENMAR HOLDING CORP. et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal from an award of death benefits in a heart case. Decedent, the superintendent of a 92-unit apartment house, performed much of the labor required there. While plastering a hole in a ceiling, standing on a stepladder with arms outstretched overhead, first inserting a net and then applying plaster to the net, he complained that the work " was difficult, because it was in a difficult place and * * * hard to reach ". When his wife came to call him to lunch, he complained of chest pain and appeared pale, but continued to work for five or six minutes, then accompanied his wife to their lunch and thereafter returned and worked for about an hour, finishing the job. After daily complaints of pain, decedent consulted a physician nine days after the episode at work and at that time gave a history of chest pain and shortness of breath while engaged in plastering. An electrocardiogram taken on the same day disclosed a myocardial infarction which claimant's medical experts related to the effort involved in the plastering work and to decedent's death 21 days thereafter; one of the medical experts explaining that the work effort was unusual because " working on a ceiling with one's arms upraised, interferes with cardiac filling * * * there occurs an increase both in intrathoracic and intraabdominal pressure * * * the return flow of blood from the lower extremities is hampered and there can ensue a myocardial anoxia." Similar work overhead with arms extended upward has been held in a number of cases to have satisfied the requirement of unusual or excessive strain. (See, e.g., *Matter of Jessup* v. *Jessup &*

*Stevens Garage*, 12 A D 2d 699, affd. 10 N Y 2d 854; *Matter of Ruby* v. *Lustig*, 274 App. Div. 954, affd. 299 N. Y. 759; *Matter of Carr* v. *Sturdy Built Homes*, 6 A D 2d 914; *Matter of Cuvelier* v. *Fairbanks & Walvoord*, 6 A D 2d 920.) Further, decedent's "continuance of work involving physical exertion after he suffered an attack in the course of employment is a sufficient identification of the event in time and circumstance, to constitute an accident where it is followed soon after by a serious coronary condition and both are associated by medical opinion." (*Matter of Carlin* v. *Colgate Aircraft Corp.*, 276 App. Div. 881, affd. 301 N. Y. 754.) Decision and award unanimously affirmed, with costs to the Workmen's Compensation Board. Present — Coon, J. P., Gibson, Herlihy, Reynolds and Taylor, JJ.