In the Matter of the Claim of DELBERT F. SAVAGE, Respondent, v. MICHIGAN MUTUAL LIABILITY COMPANY et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.—Appeal by the employer and its carrier from an award of compensation in a heart case. Appellants contest the findings of accident and causation. Claimant, aged 49 years, began work as a painter for the employer in July, 1958 at a public housing development which comprehended the erection of 1,800 duplex apartments each containing a living room 14 feet by 25 feet, three bedrooms, a bath and a kitchen, the ceilings of which were eight feet in height. Each unit had a foyer containing a semicircular stairway, the ceiling of which measured 16 feet above the floor. As a team, claimant and a coemployee were assigned to paint the ceilings of the foyers and of the rooms of the apartments except those of the kitchen. For the most part the paint was

applied from a standing position by means of a roller equipped with a three-foot extension handle. To reach the ceilings of the foyers a six-foot stepladder placed on the stairs was employed. Obviously the work effort required the extension of claimant's arms above his head. Both claimant and his associate testified that their combined mean daily work output was the execution of 85 ceilings in the process of which they applied about 30 gallons of paint with a high single day's accomplishment of 115 completions. Constant effort at top speed was necessary to maintain a pace in advance of several coemployees who were engaged in painting the walls of the apartments and foyers. Extreme fatigue, they stated, followed each day's work. In a history given the first attending physician claimant stated that he awakened at about 4:00 A.M. on May 26, 1959 and observed "severe substernal pressure" followed by numbness in the lower left arm accompanied by pain lasting about an hour and that after reporting for work on the same day he experienced a similar episode while changing to his work clothing. Claimant testified that he thereafter proceeded with his work and had completed the painting of one ceiling when he experienced severe chest pain and distress as he, while carrying a five-gallon bucket of paint and his roller, ascended a flight of stairs. He was removed to a hospital where his condition was diagnosed as a coronary occlusion with myocardial infarction. There is ample evidence that claimant's daily work was sufficiently strenuous to require more than normal exertion and to support the board's finding of accidental injury arising out of and in the course of employment. (*Matter of Masse* v. *Robinson Co.*, 301 N. Y. 34.) On numerous occasions we have held similar work to have met the requirement of unusual or excessive strain. (See, e.g., *Matter of Cronberg* v. *Lenmar Holding Corp.*, 17 A D 2d 885; *Matter of Jessup* v. *Jessup & Stevens Garage*, 12 A D 2d 699, affd. 10 N Y 2d 854; *Matter of Ruby* v. *Lustig*, 274 App. Div. 954, affd. 299 N. Y. 759; *Matter of Carr* v. *Sturdy Built Homes*, 6 A D 2d 914; *Matter of Cuvelier* v. *Fairbanks & Walvoord*, 6 A D 2d 920; *Matter of Brooks* v. *Ridgeway*, 9 A D 2d 795.) While the medical evidence as to causation is conflicting, the board could regard as substantial the testimony of Doctor Spranz which directly related claimant's disability to the effort and exertion of his employment. Decision and award unanimously affirmed, with costs to the Workmen's Compensation Board. Present — Coon, J. P., Gibson, Herlihy, Reynolds and Taylor, JJ.