██ In the Matter of the Claim of Rocco Rescigno, Appellant, v. Town of Eastchester et al., Respondents. Workmen's Compensation Board, Respondent.— Taylor, J. Appeal by claimant from a decision of the Workmen's Compensation Board disallowing benefits under the Volunteer Firemen's Benefit Law. Claimant was a self-employed carpenter and a member of a volunteer ambulance unit affiliated with the Eastchester Fire Department. On December 14, 1961 under a hiring by its owner he was engaged in shingling the exterior of a building situate some distance from the scene of his volunteer responsibilities. At about 3:00 P.M. on that day he left the work to respond to a call for ambulance service and returned to the firehouse at about 4:25 P.M. A response to a second signal summoning the apparatus detained him until 5:05 P.M. whereafter he returned to his carpentry and while climbing the ladder to retrieve tools and material from the roof of the building fell sustaining the injuries which gave rise to his claim for benefits afforded volunteer firemen. (Volunteer Firemen's Benefit Law, § 6.) In reversing the Referee and dismissing the claim the board basing its decision on section 5 (subd. 2, par. e) of the Volunteer Firemen's Benefit Law which excludes coverage for work or services rendered in the course of employment for a private employer found that claimant had not been injured "in the line of duty as a volunteer firemen". Whether or not claimant's work activity fell within the exclusion of the statute was one for evaluation by the board in a debatable field of statutory coverage. We cannot say as a matter of law that the fact-finder could not hold as it did. (*Matter of Sloper* v. *Village of Westport*, 13 A D 2d 566.) Appellant's principal argument is that section 5 (subd. 1, par. a) of the Volunteer Firemen's Benefit Law which provides for coverage of a fireman while he is necessarily engaged in traveling to, working at and returning from a fire or other emergency to which his fire department or any unit thereof has responded, including necessary travel during such work or incidental thereto, mandates a reversal and the reinstatement of the award. We agree that the provision relied on contemplates portal-to-portal coverage. (*Matter of Hofmann* v. *Town of Hurley*, 17 A D 2d 181.) However, the fallacy inherent in appellant's reasoning is that any travel which was incidental to the performance of claimant's firemanic duties on the day of his injury had ceased when he reached the place of the performance of his private work and became engaged in a phase of a purely personal endeavor having no rational connection in time and space to his service as a volunteer fireman. Decision affirmed, without costs. Gibson, P. J., Herlihy, Reynolds and Hamm, JJ., concur.