In the Matter of the Claim of LEON DAVIS, Respondent, v. DRUG & HOSPITAL EMPLOYEES UNION — LOCAL 1199, et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— *Per Curiam.* Appeal by the employer and its insurance carrier from a decision of the Workmen's Compensation Board awarding claimant disability benefits. On February 6, 1963 during a conference at which he was attempting to persuade the employer's office workers to withdraw from their union, claimant, the president of the employer union, suffered a myocardial infarction which the board has found was precipitated by "the emotional stress and the strenuous effort of claimant's work activities" on and before the day of his attack and thus constituted an accidental injury. Appellants assert initially that claimant did not sustain an accidental injury within the meaning of the Workmen's Compensation Law because there was no "eventful happening", citing *Matter of Lesnik* v. *National Carloading Corp.* (285 App. Div. 649, affd. 309 N. Y. 958) and *Matter of O'Rourke* v. *State Ins. Fund* (2 A D 2d 616). However, these cases are not apposite here since claimant's attack was sustained while he was actually engaged in the employment activity producing the strain (*Matter of Anderson* v. *New York State Dept. of Labor*, 275 App. Div. 1010, mot. for lv. to app. den. 300 N. Y. 759; *Matter of Furtardo* v. *American Export Airlines*, 274 App. Div. 954). Appellants additionally urge that the emotional stress allegedly present was not in excess of that "to which all workers are occasionally subjected without untoward results." Of course, "unusual" or "exceptional" emotional stress as well as physical injury may cause a compensable accident (e.g., *Matter of Klimas* v. *Trans Caribbean Airways*, 10 N Y 2d 209, 213), especially if accompanied by unusual physical activity or by the pressure of required additional abnormal work activity (*Matter of Schechter* v. *State Ins. Fund*, 6 N Y 2d 506, 511–512; *Matter of Hamilton* v. *Transport Workers Union*, 21 A D 2d 434, affd. 16 N Y 2d 696; *Matter of Goodwin* v. *New York State Workmen's Compensation Bd.*, 20 A D 2d 951, affd. 15 N Y 2d 508). Here the record reveals that starting in late 1958 or early 1959 when the employer began a campaign to organize voluntary hospital employees, claimant's work activities vastly increased to the point where he frequently worked seven days a week, late at night and very early in the morning. Also during this period beyond participating in prolonged, difficult and sometimes heated negotiations with the personnel and management of the hospitals being organized, he was involved in three strikes, served a 30-day jail sentence and made a substantial number of court appearances. There is also medical testimony establishing a causative link between such activities and claimant's infarction. On the basis of this record the board in the exercise of its fact-finding power could reasonably find sufficient emotional and physical stress to constitute an accident under the test of *Matter of Masse* v. *Robinson Co.* (301 N. Y. 34, 37); (*Matter of Klimas* v. *Trans Caribbean Airways, supra*; *Matter of Schechter* v. *State Ins. Fund, supra*; *Matter of Hamilton* v. *Transport*

*Workers Union, supra; Matter of Goodwin* v. *New York State Workmen's Compensation Bd., supra; Matter of Antonini* v. *Progressive Electronics,* 15 A D 2d 842). Decision affirmed, with costs to the Workmen's Compensation Board. Gibson, P. J., Herlihy, Reynolds, Taylor and Aulisi, JJ., concur.