In the Matter of the Claim of John C. Day, Jr., Appellant, *v.* Smyrna Fire Department et al., Respondents. Workmen's Compensation Board, Respondent.

Third Department, May 1, 1967.

*Lee, Lee & Rappleyea* (*Clarence G. Rappleyea, Jr.*, of counsel), for appellant.

*James A. Haynes, Jr.*, for Chenango County Self-Insurance Plan, respondent.

*Louis J. Lefkowitz, Attorney-General* (*Ruth Kessler Toch* and *Daniel Polansky* of counsel), for Workmen's Compensation Board, respondent.

HERLIHY, J. The facts are substantially uncontroverted. The claimant, together with other members of the Smyrna Fire Department, went to Marathon, New York on June 20, 1964 to participate in a firemanic hose contest. Their actual participation ended about noon and while waiting for the final results of the contest, they went to a hotel in the town where they had lunch, including beer. When the Acting Captain of the company left to ascertain the final results, those who remained played pool. The Acting Captain returned in about a half-hour and upon advising the members that they were not among the winners, they all started for home, some riding with the claimant and others riding on the fire truck. En route they stopped at Otselic Valley Inn for approximately a half-hour and while there, the claimant had some additional beer. When they departed they started on a route directly for home and when about a mile and a half west of Smyrna and while proceeding around a curve, the automobile driven by claimant left the road and the injuries resulted.

The board found in its supplemental decision " that claimant had terminated and deviated from line of duty as a volunteer fireman prior to the time the car went off the road ".

The only reported case dealing directly with deviation or with the activities of volunteer firemen where the court upheld a finding that the decedent's activities were not those of a volunteer fireman is *Matter of Sloper* v. *Village of Westport* (13 A D 2d 566), but the factual situation therein is substantially different. There the decedent with some other members of the fire department attended a parade, after which the fire

truck and presumably the members left. The decedent had driven in his own automobile and remained for other festivities, which did not require participation by the firemen, thereafter visited his brother-in-law and was last seen in a diner about 7:30 P.M. There was a clear factual issue as to decedent and his separation from firemanic duties which the board decided but it is readily apparent that the present facts are distinguishable.

The board's present findings are so broad as to be subject to several interpretations. In this present record it would be difficult to sustain a finding that the claimant's relationship as a fireman had terminated. When he and his fellow members went to the hotel in Marathon for lunch it was certainly incidental to their duties and did not constitute a termination thereof any more than the stop en route home for a period of a half-hour.

As to the deviation from "line of duty", we are unable to determine whether the board in arriving at its conclusion was giving consideration to the time spent at the hotel or stopping at the inn en route home, or both.

It seems obvious from reading the record that the claimant and the other members of the company were entitled to lunch somewhere and the election to go to a hotel was entirely reasonable, as was the stop en route home. If the testimony had been that this stop was for some emergency reason (i.e. to use the telephone or the men's room), there certainly would have been no deviation. We are of the opinion that it is not the reason for such stoppage but rather whether as in *Matter of Sloper* (*supra*) the reason is so far separated from firemanic duties as to constitute a termination or deviation.

In view of some of the extraneous matter in the record, we would further note that intoxication must be the sole cause of the accident to deny benefits. There is no such proof here nor is it argued, and the fact that the claimant had some beer at the hotel and at the inn cannot directly or indirectly be the basis of denial of benefits.

The decision should be reversed and matter remitted to the board for reconsideration of its findings and for new or additional findings or other proceedings not inconsistent herewith.

GIBSON, P. J., HERLIHY, AULISI, STALEY, JR., and GABRIELLI JJ., concur in opinion per HERLIHY J.

Decision reversed, with costs to claimant, and matter remitted to the Workmen's Compensation Board for reconsideration of its findings and for new or additional findings or other proceedings not inconsistent herewith.