■ In the Matter of the Claim of MICHAEL SANDROFF, Respondent, v. BAKERY & CONFECTIONERY WORKERS UNION LOCAL No. 3 et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— GIBSON, P. J. Appeal from a decision awarding benefits for disability due to an acute myocardial infarction, found by the board to have been caused by "the prolonged pressure of work and the emotional strain associated with the performance of the claimant's work, [which] surpassed that incidental to the ordinary wear and tear of life." Appellants deny accident and causal relation. Claimant's duties with the employer, a labor union, were for some years largely confined to editing and publishing the Union newspaper and leaflets, pamphlets and like publications, normally in the course of a five-day, 40-hour week. He also performed the work of an organizer. In 1962 he had a subordinate or observer's part in negotiating the usual three-year contracts with an association of retail employers and then, successively, with a number of large city bakeries. As these contracts approached their successive expiration dates in 1965, claimant was at the outset assigned a substantially greater part in negotiating them and then, by reason of illnesses and absences of other union negotiators, the "greatest burden" of the bargaining sessions, which would normally have been shared by three men, fell upon claimant alone. Claimant was engaged in negotiating the various contracts, commencing in mid-January and continuing for three and one-half months until his disabling heart attack on May 4, as the last of the expiring contracts was being negotiated. During all this period claimant continued his usual and regular job duties as well. The negotiations in which claimant participated required six and seven days per week, often with sessions of 16 to 18 hours, and sometimes "around the clock", and often were "tough", tense, ill-tempered and disagreeable. Following each session, claimant usually met with the Union's wage policy committee to plan strategy and even after that meeting customarily turned to the additional work of preparing statistical and other data in support of the Union's demands. In his testimony, claimant's treating physician incorporated by reference his reports whereby he unequivocally related claimant's heart attack and disability to the "severe tension" and "pressures" of his work and stated, "There is also no doubt that the severe tension-producing working conditions which he described just prior to this heart attack, helped to precipitate this acute episode"; and he testified, further,

"that excessive stress or excessive physical activity may act as precipitating factors in producing a myocardial infarction." The award was supported by substantial evidence and by ample precedent. (*Matter of Klimas* v. *Trans Caribbean Airways*, 10 N Y 2d 209; *Matter of Hamilton* v. *Transport Workers Union of Greater N. Y., Local 100*, 21 A D 2d 434, affd. 16 N Y 2d 696; *Matter of Davis* v. *Drug & Hosp. Employees Union—Local 1199*, 24 A D 2d 1059, mot. for lv. to app. den. 17 N Y 2d 421; *Matter of Furtado* v. *American Export Airlines*, 274 App. Div. 954, mot. for lv. to app. den. 298 N. Y. 933.) Decision affirmed, with costs to the Workmen's Compensation Board. Gibson, P. J., Reynolds, Aulisi, Staley, Jr., and Gabrielli, JJ., concur in memorandum by Gibson, P. J.