■ In the Matter of the Claim of HENRY MYSLBORSKI, Respondent, v. GREENPORT FIRE DISTRICT, VOLUNTEER FIREMEN'S COMPANY et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal from decisions of the Workmen's Compensation Board, filed February 10, 1971 and April 30, 1971. On July 12, 1964 claimant, together with other members of his volunteer fire department, attended a fund-raising parade on Shelter Island. He contends that he was requested to attend by written notice from his Chief. Following the parade, he attended a block party held in conjunction with the parade and then went to an American Legion Hall across the street from the party. Three hours later, when on his way home, at about 11:30 P.M., claimant sustained a head injury when he fell from a Southold Fire Department truck. The board, finding that "claimant was in necessary travel directly connected with the parade" when he fell from the fire truck, held "that claimant was injured in the line of firemanic duties". The Volunteer Firemen's Benefit Law includes among the duties and activities for which benefits shall be paid, "pursuant to orders or authorization, attending or participating in any * * * parade * * * in which [one's] fire department, fire company, or any unit thereof, is engaged, including necessary travel directly connected therewith". (Volunteer Firemen's Benefit Law, § 5, subd. 1, par. e.) Appellants contend that respondent was neither ordered nor authorized to attend the parade. However, the notice from the department Chief was certainly sufficient for the board to find that respondent's attendance at the parade was pursuant to authorization. It is next contended that there was a deviation from employment sufficient to remove respondent from his employment and, therefore, respondent was not injured while engaged in "necessary travel directly connected" with the parade. The question of whether a claimant has deviated from his employment sufficiently to result in a separation from firemanic duties is a question of fact within the sole province of the board and such determination will not be disturbed if supported by substantial evidence (*Matter of Day* v. *Smyrna Fire Dept.,* 27 A D 2d 341; *Matter of Durkee* v. *Atlantic Refining Co.,* 27 A D 2d 773; *Matter of Sloper* v. *Village of Westport,* 13 A D 2d 566). The activities here entered into by respondent subsequent to the parade were all localized in the general area of the parade, were participated in by numerous firemen present at the parade and were, in effect, part and parcel of the day's activities. Therefore, the findings of the board that respondent's return home over a normal route was necessary travel directly connected with the parade (see *Matter of Hofmann* v. *Town of Hurley,* 17 A D 2d 181; see, also, *Matter of Lowery* v. *Riss & Co.,* 10 A D 2d 489, mot. for lv. to app. den. 8 N Y 2d 707) and that such injury had occurred while respondent was engaged in firemanic duties are supported by substantial evidence. Decisions affirmed, with costs to the Workmen's Compensation Board. Herlihy, P. J., Reynolds, Greenblott, Sweeney and Simons, JJ., concur.