■ In the Matter of the Claim of WARREN COBURN, Respondent, v HEWLETT FIRE DEPARTMENT et al., Appellants. WORKERS' COMPENSATION BOARD, Respondent. — Mahoney, P. J. Appeal from a decision of the Workers' Compensation Board, filed May 8, 1984, which awarded claimant benefits under the Volunteer Firemen's Benefit Law.

Claimant was a volunteer fire fighter with the Hewlett Bay Fire District (District) and also president of the Hewlett Fire Department (Department), a membership organization of the District's fire fighters. Each year the District and Department jointly sponsored an installation dinner-dance for the purpose of installing the officers of the District and Department and of presenting awards to the fire fighters. The event was authorized by the Board of Fire Commissioners and was held at the Lawrence Village Park House, a country club located in the Village of Lawrence, Nassau County.

As president of the Department, claimant was responsible for organizing the installation dinner. All fire fighters attending the dinner were required to wear full dress uniforms. The 1981 installation took place on May 2 at 2:00 P.M. Claimant arrived early and carried boxes of programs and plaques weighing approximately 40 pounds some 250 yards from his parked car to the dining room of the club. When he finished this task, he experienced some discomfort. Later, he became ill during the

dinner and was taken by ambulance to a local hospital. His condition was diagnosed as a myocardial infarction and he subsequently underwent bypass surgery in October 1981.

A claim for benefits under the Volunteer Firemen's Benefit Law was filed on May 18, 1981 and was contested by the Department and the State Insurance Fund, as the liability carrier. Following several hearings, the referee determined that claimant had sustained an injury in the line of duty and awarded benefits. The State Insurance Fund, contending that the installation dinner-dance was a social occasion not covered under the Volunteer Firemen's Benefit Law, applied to the Workers' Compensation Board for review. On May 8, 1984, a majority of the Board held that claimant was entitled to an award. This appeal by the Department and the State Insurance Fund ensued.

We conclude that the Board's determination that claimant's myocardial infarction was an injury sustained in the line of duty is a reasonable interpretation of Volunteer Firemen's Benefit Law § 5 (1) (e) and (f) and is, therefore, supported by substantial evidence. Volunteer Firemen's Benefit Law § 5 (1) (e) provides that a volunteer fire fighter is within the line of duty and entitled to recover benefits if injury is sustained "[w]hile, within the state * * * and pursuant to orders or authorization, attending or participating in any drill, parade, funeral, inspection or review in which his fire department * * * is engaged". Here, it cannot be denied that claimant was acting "pursuant to orders or authorization" when he, as president of the Department and authorized by the Board of Fire Commissioners, organized the annual installation ceremony. Next, since the event was an annual affair, sponsored by the District and the Department, and formal in style, since participating fire fighters were required to wear their full dress uniforms, we conclude that the Board's determination that the installation dinner was an "inspection or review" within the meaning of the statute is reasonable (see, Matter of Paden v Dix Hills Fire Dist., 12 AD2d 202; Matter of Hofmann v Town of Hurley, 17 AD2d 181).

Turning to the Board's interpretation of Volunteer Firemen's Benefit Law § 5 (1) (f), we similarly conclude that it was a reasonable interpretation of the law and must be affirmed. This section provides that a volunteer fireman is in the line of duty and entitled to recover benefits if injured "[w]hile, within the state and pursuant to orders of authorization, attending or working at meetings of his fire department * * * at the firehouse or other regular or special headquarters of the department". Here, the annual dinner was a regularly scheduled meeting of the District at which attendance was taken which counted

toward the number of meetings a fire fighter was required to attend to remain eligible as an active fire fighter. Further, the statute does not require that a meeting be held at a firehouse in order to place a fire fighter in attendance within the line of duty; it provides coverage for attendance at any authorized meeting held "at the firehouse or other regular or special headquarters of the department". Each year when this event was held, the fire fighters had exclusive possession of the country club and no one was present who was not directly connected with the Department. Accordingly, since the issue of whether a given activity of a volunteer fire fighter falls within the line of duty is a question of statutory construction particularly within the Board's expertise to determine, the Board's determination in this case should be affirmed (see, Matter of Rescigno v Town of Eastchester, 21 AD2d 923, lv denied 14 NY2d 489).

Decision affirmed, with costs to the Workers' Compensation Board. Mahoney, P. J., Kane, Casey, Weiss and Levine, JJ., concur.