■ In the Matter of the Claim of HELEN DINEEN, Respondent, v ISLIP FIRE DISTRICT et al., Appellants. WORKERS' COMPENSATION BOARD, Respondent.—Levine, J. Appeals from decisions of the Workers' Compensation Board, filed February 28, 1986 and November 7, 1986.

Decedent was an Assistant Chief of the Islip Fire Department (the Department), a volunteer firefighting organization in the Islip Fire District (the District) in Suffolk County. On December 4, 1982, while marching in a parade, decedent collapsed and died of an acute myocardial infarction. Claimant, decedent's widow, filed a claim for workers' compensation benefits and a hearing was held to determine whether decedent's death came within the provisions of the Volunteer Firefighters' Benefit Law. At the hearing members of decedent's family testified that prior to the parade decedent had worked the night shift at his regular job in Brooklyn and returned home on the Long Island Railroad sometime between 7:00 and 8:00 A.M. Because of his status as Assistant Chief, decedent had been provided with a station wagon owned by the District which he used to commute between his home and the train station as well as for firemanic activities. On this morning he discovered that the District's station wagon had a flat tire and he proceeded to change it himself. This task was

difficult because the cargo area of the vehicle had been modified to carry fire equipment and decedent had to remove all of this equipment in order to extricate the spare tire. He returned home much later than usual and was able to rest for only an hour before he had to begin preparing for the parade.

The Department's membership had accepted an invitation to participate in the Christmas parade sponsored by the Town of Islip. The Department's band, of which decedent was a member, was also participating in the parade. Decedent played the glockenspiel in the band. After he had marched approximately one mile in the parade, decedent suddenly collapsed and died. No autopsy was performed.

Dr. Joseph Judge, decedent's family physician, testified at the hearing that, in his opinion, decedent suffered an acute myocardial infarction which was causally related to his lack of rest, the strain of changing the tire and marching in the parade. Dr. Larry Chinitz, a cardiologist appearing for the carrier, testified that, based upon medical statistics, it was more probable that decedent's death was caused by underlying coronary artery disease rather than a stress-related acute myocardial infarction. In addition, Chinitz opined that no causal relationship existed between the heart attack and changing the tire hours earlier. Chinitz, however, stated that decedent's death was quite likely related to his participation in the parade carrying the glockenspiel.

The Workers' Compensation Board (the Board) ruled that decedent's activities on that day, changing the flat tire on the District's vehicle and marching in the parade, precipitated his fatal heart attack. The Board also determined that these activities were covered under Volunteer Firefighters' Benefit Law § 5 (1) (e) and (g). The District and its workers' compensation carrier appeal.

Determining "whether a given activity of a volunteer fire fighter falls within the line of duty is a question of statutory construction particularly within the Board's expertise" (*Matter of Coburn v Hewlett Fire Dept.,* 111 AD2d 1071, 1073). Decisions as to statutory coverage must be affirmed unless they are shown to be unreasonable (*see, supra,* at 1072-1073; *Matter of Paden v Dix Hills Fire Dist.,* 12 AD2d 202, 204). Volunteer Firefighters' Benefit Law § 5 (1) (e) provides coverage for a firefighter who is injured in the course of "attending or participating in any drill, *parade,* funeral, inspection or review in which his fire department, fire company, or any unit thereof, is engaged" (emphasis supplied). The law also requires

that the attendance or participation be "pursuant to orders or authorization" (Volunteer Firefighters' Benefit Law § 5 [1] [e]). Although the District contends that the Department's participation in the parade is not a firemanic activity protected under the legislation, the Board's determination is supported by the inclusion of parades as one of the specifically enumerated covered activities in the statute. Moreover, this court has upheld prior Board decisions extending statutory coverage to parade-related injuries (see, e.g., Matter of Myslborski v Greenport Fire Dist., 38 AD2d 646; Matter of Sullivan v Delphi Falls Fire Co., 29 AD2d 584). We also reject the District's contention that the Department's band is not covered by the Volunteer Firefighters' Benefit Law (see, 7 Opns St Comp, 1951, at 436).

The District also contends that, according to Town Law § 176 (11), its Board of Fire Commissioners is the only body which may authorize participation in a parade. It is further argued that since the Department never sought the permission of the Board of Fire Commissioners, its participation in the parade was not properly "pursuant to orders or authorization" as required by Volunteer Firefighters' Benefit Law § 5 (1) (e). Such a strict interpretation, however, is not supported by either the statutory language or the case law and, in our view, the decision by the Department's membership to attend the parade as a unit was sufficient authorization (see, Matter of Myslborski v Greenport Fire Dist., supra; Matter of Sullivan v Delphi Falls Fire Co., supra; Matter of Paden v Dix Hills Fire Dist., supra). Based on the foregoing, the Board could reasonably conclude that decedent's participation in the parade was an activity covered by Volunteer Firefighters' Benefit Law § 5 (1) (e).

We are also persuaded that the Board could reasonably find that changing the tire on the District's station wagon was an activity covered by Volunteer Firefighters' Benefit Law § 5 (1) (g), which pertains to, inter alia, the repair or maintenance of firefighting vehicles. There was testimony that decedent was obligated to keep this vehicle in good operating condition and that the task of changing the tire would be exceptionally strenuous due to the firefighting equipment stored in the vehicle on top of the spare. The facts that the tire changing occurred outside of the geographical area of the District and that the car was parked where it was because of decedent's nonfiremanic employment do not require the Board's conclusion to be overturned. In order to enable decedent to readily respond to fire emergencies, he was supplied with the vehicle and permitted to use it for personal business within Nassau

and Suffolk Counties. He had the correlative duty to keep the vehicle in usable condition.

As to the causal relationship between decedent's activities on that day and his fatal heart attack, the resolution of the conflicting medical testimony was a factual issue for the Board *(see, Matter of Post v Hughsonville Fire Dist.,* 16 AD2d 999, 1000). Accordingly, the Board's decisions in this matter were neither arbitrary nor unsupported by substantial evidence.

Decisions affirmed, with costs to the Workers' Compensation Board. Mahoney, P. J., Kane, Casey, Yesawich, Jr., and Levine, JJ., concur.