■ In the Matter of the Claim of DAVID B. STEWART, Respondent, v TOWN OF CHILI et al., Appellants. WORKERS' COMPENSATION BOARD, Respondent.—Levine, J. Appeals from decisions of the Workers' Compensation Board, filed February 6, 1987 and September 22, 1987.

In June 1983, claimant, a volunteer firefighter for the Town of Chili Fire Department in Monroe County, was authorized to attend the annual convention of the Northern-Central New York Volunteer Firemen's Association. The convention was a three-day event located in the Village of Penn Yan, Yates County, approximately 65 miles from where claimant lived. Claimant had arranged to stay with a fellow firefighter, Richard Caternolo, in Caternolo's mobile home during the convention.

The convention opened June 9, 1983 and the program lasted into the evening. At approximately midnight, petitioner and Caternolo returned to the mobile home. About a half hour to an hour later, claimant decided to go into the village to see what was going on and to get something to eat. He drove to the Keuka bar and restaurant and discovered that the kitchen had closed much earlier. Claimant stayed there for some time drinking and socializing with other firefighters. In addition, he

became acquainted with Ann Jensen, who was also a patron at the bar. Jensen recollects that claimant had approximately four bottles of beer while at the bar.

Shortly before 2:00 A.M., claimant and Jensen left the bar to find a place to eat breakfast. The closest eating establishment open at that hour was located in the Town of Geneva, Ontario County, some distance away. Claimant drove his motorcycle with Jensen as a passenger. They had traveled less than a mile when claimant lost control of the motorcycle and struck a pole. As a result of the accident claimant sustained serious injuries. A laboratory report showed that claimant had a blood alcohol level of .12%.

Claimant filed a claim with the Workers' Compensation Board seeking to obtain benefits under the Volunteer Firefighters' Benefit Law. The State Insurance Fund filed a notice of controversy on behalf of the employer contending that claimant was not injured in the line of duty. A hearing was held and the Board ultimately determined that, at the time of his accident, claimant was acting within the scope of his duties as a volunteer firefighter and awarded him benefits. This appeal ensued.

Volunteer Firefighters' Benefit Law § 5 (1) *(l)* provides coverage for volunteer firefighters while they are attending conventions as the authorized delegate of their fire company. This coverage specifically includes "necessary travel directly connected [with the convention]" (Volunteer Firefighters' Benefit Law § 5 [1] *[l]*). The employer contends that the Board erred in finding that claimant's travel to buy breakfast at 2:00 A.M. after drinking at a bar was necessary and directly connected with his attendance at the convention. In response, the Board contends that substantial evidence supports its conclusion that claimant's travel to a restaurant while attending a convention away from home was a compensable activity under Volunteer Firefighters' Benefit Law § 5 (1) *(l)*.

In our view, the Board's determination was supported by substantial evidence and must be affirmed. The evidence that claimant and Jensen were traveling to Geneva to buy breakfast was uncontested. The question of whether this activity was personal, with a purely social motive, or directly related to claimant's attendance at the convention was a factual issue within the sole province of the Board to resolve *(see, Matter of Msylborski v Greenport Fire Dist.,* 38 AD2d 646). The Board's conclusion was further supported by the evidence that claimant had attended a working session of the convention which

lasted well into the evening. In addition, it was undisputed that the Keuka bar and restaurant was no longer serving food when claimant arrived and that it was necessary to travel to Geneva in order to find an eating establishment which was still open. We also reject the employer's contention that claimant's intoxication should be considered as a basis for denying him benefits since it failed to prove that the intoxication was a sole cause of the accident (see, Volunteer Firefighters' Benefit Law § 6; *Matter of Day v Smyrna Fire Dept.,* 27 AD2d 341, 343).

Decisions affirmed, without costs. Yesawich, Jr., Levine, Mercure and Harvey, JJ., concur.

Kane, J. P., dissents in a memorandum. Kane, J. P. (dissenting). There is no dispute in this case as to the facts or the applicable law. Claimant was duly authorized to attend the 87th annual convention of the Northern-Central New York Volunteer Firemen's Association in the Village of Penn Yan, Yates County, commencing Thursday, June 9, 1983, with a cocktail hour at 5:30 P.M. followed by a banquet at 7:30 P.M. The formal registration and opening of the convention was scheduled for the following morning with the final event scheduled for Saturday, June 11, 1983. At the conclusion of Thursday night's banquet and the related activities at about midnight, claimant returned to the mobile home where he was staying with another delegate to the convention. However, about one-half hour later, claimant decided to go back into the village and have something to eat. He eventually arrived at a bar and restaurant, known as the Keuka Restaurant, where he joined two other firefighters attending the convention. There he became acquainted with Ann Jensen, with whom he spent the next two hours talking, drinking beer and shooting pool. At about 2:00 A.M., the four of them left the Keuka Restaurant, with Jensen and claimant preparing to depart to the Town of Geneva, Ontario County, to another restaurant for breakfast, since no food was available in the Village of Penn Yan after midnight that evening. Claimant was asked by his associates not to drive but to come with them. He refused, indicating that he and Jensen were taking his motorcycle. He then returned to the Keuka Restaurant to obtain a six pack of beer, placed it in the saddle bags of the motorcycle, and the two of them left for Geneva. About one-half mile down the road, claimant lost control of his motorcycle, left the highway and crashed into a pole, causing the devastating permanent injuries from which claimant still suffers.

The sole issue to be resolved here is, as posed by the

majority, whether there is substantial evidence to support the Workers' Compensation Board's determination that the facts previously set forth establish the ultimate fact that claimant's travel to Geneva for breakfast at 2:00 A.M., under the circumstances presented, was "necessary travel directly connected" with the convention (Volunteer Firefighters' Benefit Law § 5 [1] *[l]).* The resolution of that issue requires the additional determination whether these facts describe a "deviation" from authorized activity "directly connected" to attendance at a convention. In deciding whether a "deviation" exists, the test which must be applied is the same as that applied in a claim under the Workers' Compensation Law; "whether specific activities are within the scope of employment or purely personal is whether the activities are both reasonable and sufficiently work related under the circumstances" *(Matter of Richardson v Fiedler Roofing,* 67 NY2d 246, 249; *see, Matter of Day v Smyrna Fire Dept.,* 27 AD2d 341). In my view, eating breakfast while at a convention is certainly authorized activity, but a breakfast 15 miles away at 2:30 A.M. under these circumstances fails, as a matter of law, to provide the requisite substantial evidence to support the Board's determination. When claimant returned to his place of abode at midnight, after attending the opening banquet and the activities that followed, "necessary travel directly connected" with the convention was temporarily suspended. As the Board itself noted, claimant thereafter "decided to go into town to see what was going on and have something to eat"; this activity clearly constituted a deviation from any authorized activity. Although such action may be a possibility, it does not fall within the contemplation of the statute authorizing the payment of benefits for injuries incurred while attending a convention. Accordingly, I am compelled to agree with the dissenting member of the Board who would have disallowed the claim and affirmed the decision of the Workers' Compensation Law Judge.