■ In the Matter of the Claim of ROGER HANNOLD, Respondent, v TOWN OF FALLSBURG et al., Appellants. WORKERS' COMPENSATION BOARD, Respondent.—Appeal from a decision of the Workers' Compensation Board, filed September 30, 1991, which ruled that claimant sustained a compensable injury and awarded workers' compensation benefits.

Claimant testified that on Friday, August 22, 1986, he reported to his work as a laborer for the Town of Fallsburg Highway Department in Sullivan County. While at work, claimant raked and shoveled black top and operated a roller. During the day, claimant experienced chest and arm pain, nausea and headaches. Claimant continued to experience discomfort after work and during the weekend. On Sunday, August 24, 1986, claimant apparently became unconscious after complaining that his arms hurt and was taken to a hospital, where he was diagnosed as having had a myocardial infarction. Claimant's physician testified that, while the two-day delay between claimant's work activity and the apparent time of his infarction was unusual, he was of the opinion that claimant's work experience precipitated the infarction. This testimony provides substantial evidence to support the Workers' Compensation Board's finding of an accidental injury arising out of and in the course of employment *(see, Matter of Dineen v Islip Fire Dist.,* 135 AD2d 969). The fact that a delay may have occurred between claimant's work activity and the

infarction does not require a different result (see, Matter of Murphy v Howard & Schaffer, 17 AD2d 882; Matter of Bleich v 63rd Bldg. Corp., 15 AD2d 584, lv denied 11 NY2d 643). Further, the Board was free to reject conflicting medical testimony (see, Matter of Rose v Brickel Assn., 159 AD2d 782). We have considered the employer's other arguments and find them to be without merit.

Weiss, P. J., Levine, Mercure, Mahoney and Harvey, JJ., concur. Ordered that the decision is affirmed, without costs.