■ In the Matter of the Claim of MICHAEL LESSARD, Respondent, v MATTITUCK FIRE DEPARTMENT et al., Appellants. WORKERS' COMPENSATION BOARD, Respondent. [606 NYS2d 850] —Casey, J. Appeal from a decision of the Workers' Compensation Board, filed July 2, 1992, which ruled that claimant sustained an injury in the course of his employment and awarded workers' compensation benefits.

At issue on this appeal is whether claimant's injury, which was sustained in an altercation with another firefighter after a parade, is compensable under the Volunteer Firefighters' Benefit Law. The Workers' Compensation Board found that claimant's injury was sustained in the line of firefighting duties. We reverse.

According to the Board's factual findings, claimant and other members of his fire company participated in a parade in a neighboring town, and after the parade they attended a celebration at the host town's firehouse. Claimant became intoxicated and began to argue with a firefighter from another fire company about the previous use of certain fire apparatus. The injury occurred during the ensuing altercation outside the firehouse. The Board concluded that because claimant was in the neighboring town to attend a parade as part of his fire

company and was injured during an altercation with another firefighter, which arose at a firehouse and concerned fire apparatus, the injury was sustained in the line of firefighting duties.

The Board's decision makes no reference to the Volunteer Firefighters' Benefit Law, which contains the relevant provisions concerning claimant's entitlement to benefits. Section 5 (1) (e) of that law specifically provides coverage for a firefighter while participating in a parade in which his or her fire company is engaged, including any necessary travel connected with the parade and any necessary travel to and from the parade. Participation in social activities, however, is specifically excluded from coverage (Volunteer Firefighters' Benefit Law § 5 [2] [b]).

The record establishes that the parade started at about 1:00 P.M. and lasted about an hour. The trucks from claimant's company returned to claimant's home fire district at about 3:00 P.M. Claimant and several other members of the company, including the Fire Chief, stayed at the host town's firehouse, where alcohol was being consumed. At some point, claimant and the Fire Chief left the firehouse and went to a local tavern for a drink. They then returned to the firehouse where, according to the Fire Chief, they "did some more socializing with other members of the department". The altercation in which claimant was injured occurred some time later, after the Fire Chief had left to return home. The police report places the time of the occurrence at between 6:30 P.M. and 7:00 P.M. Based upon the undisputed evidence that claimant's injury occurred during a social event long after the parade had ended, and in view of the Board's failure to consider the relevant statutory provisions, we conclude that the Board's decision is irrational and cannot be sustained.

The cases cited by the Board in its brief involve injuries that occurred while firefighters were engaged in necessary travel related to covered firefighting duties (see, *Matter of Stewart v Town of Chili,* 146 AD2d 933; *Matter of Myslborski v Greenport Fire Dist., Volunteer Firemen's Co.,* 38 AD2d 646; *Matter of Day v Smyrna Fire Dept.,* 27 AD2d 341) and, therefore, are readily distinguishable from this case. We emphasize that our holding is not premised on the conclusion that claimant so deviated from the original purpose of his trip, i.e., the parade, that his injury was not compensable under Volunteer Firefighters' Benefit Law § 5 (1) (e) regardless of how it occurred (see, *Matter of Sloper v Village of Westport,* 13 AD2d 566). Rather, our holding is based upon the undisputed evi-

dence that regardless of whether claimant was acting in his capacity as a firefighter, the injury arose out of claimant's participation in a social event, which is specifically excluded from coverage by Volunteer Firefighters' Benefit Law § 5 (2) (b) *(see, Matter of Licht v Village of Hastings-on-Hudson,* 78 AD2d 732).

Cardona, P. J., Mercure, White and Weiss, JJ., concur. Ordered that the decision is reversed, with costs, and claim dismissed.