McCarthy, J.
Appeal from a decision of the Workers’ Compensation Board, filed January 18, 2011, which ruled that claimant’s injuries occurred in the course of her duties as a volunteer firefighter.
Claimant was a firefighter and emergency medical technician (hereinafter EMT) for the Scipio Volunteer Fire District. In October 2009, the District’s EMTs were informed at a weekly meeting that the swine flu vaccine was going to be provided for them at a clinic the following week. Claimant was refused the vaccine at that clinic, but attended a different clinic in December 2009 to receive her vaccination. On her way home from that clinic, claimant was involved in a one-car accident that resulted in multiple injuries, including a traumatic brain injury. Claimant filed a claim and a hearing was held to determine whether her claim fell within the provisions of the Volunteer Firefighters’ Benefit Law. Ultimately, the Workers’ Compensation Board determined that claimant’s injuries were incurred while she *1546 was engaged in an activity covered by the law and awarded her benefits. The District and its workers’ compensation carrier now appeal.
We affirm. “ ‘[WJhether a given activity of a volunteer fire fighter falls within the line of duty is a question of statutory construction particularly within the Board’s expertise’ ” (Matter of Dineen v Islip Fire Dist., 135 AD2d 969, 970 [1987], quoting Matter of Coburn v Hewlett Fire Dept., 111 AD2d 1071, 1073 [1985]). Here, the Board found that claimant’s injuries were compensable pursuant to Volunteer Firefighters’ Benefit Law § 5 (1) (p), which covers participation in a “supervised physical fitness class, group session or program for the purpose of promoting or maintaining the performance of their duties as firefighters, as well as necessary travel to and necessary travel from such activity.” The record demonstrates that the District, at the very least, strongly encouraged EMTs to receive the swine flu vaccination and made arrangements for them to receive the vaccine at no cost. In fact, claimant testified that, but for the directive from the District, she had no intention of otherwise receiving the vaccine. Under these circumstances, we find that the Board could reasonably conclude that claimant’s injuries were sustained pursuant to her participation in a program to maintain the performance of her duties and, thus, its determination was supported by substantial evidence (see Matter of Van Wert v Schaghticoke Volunteer Fire Dept., 301 AD2d 831, 833 [2003]; Matter of Coburn v Hewlett Fire Dept., 111 AD2d at 1072).
Peters, EJ., Mercure, Stein and Garry, JJ., concur. Ordered that the decision is affirmed, with costs to claimant.